**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Peter MORGAN, Defendant/Appellant.**

**No. 58563.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 16, 1991.

Patrick Brayer, Asst. Public Defender, Clayton, Rosalynn Koch, Columbia, for defendant/appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

REINHARD, Presiding Judge.

Defendant was convicted by a jury of stealing property of a value of at least $150, § 570.030, RSMo 1986. The court found defendant to be a prior offender, § 558.016, RSMo 1986, and sentenced him to 5 years imprisonment.

Because defendant challenges the sufficiency of the State's evidence, we set forth and consider as true the evidence most favorable to the State and all favorable inferences to be drawn therefrom, disregarding evidence to the contrary. *State v. Smith*, 621 S.W.2d 94, 95 (Mo.App.1981).

The State's evidence revealed the following: On May 5, 1989, defendant and a woman entered Oaktree clothing store in the St. Louis Galleria shopping mall. The store manager observed the woman put merchandise into a bag while defendant questioned him about the price of certain items. Without attempting to pay, defendant and the woman left the store with the merchandise. After asking another employee to alert security, the manager followed them. They entered The Athlete's Foot store where the woman handed defendant the bag. He placed the bag on the floor, kicked it under a clothes rack, and they left the store. A security guard stopped the two, and defendant said, "What bag, we don't know what you are talking about" in response to the manager's questions about the stolen clothing. After defendant and the woman were detained, security retrieved the bag, which contained 10 items from Oaktree.

At trial, the manager of Oaktree stated the retail prices of the stolen items, which totaled $260. Each item also had a tag attached showing its retail price. The State attempted to show the wholesale costs of the items, but the defendant objected on the basis of improper foundation and the objection was sustained. Defendant offered no evidence as to the value of property.

Defendant challenges the sufficiency of the evidence offered by the State to prove that the stolen items had a value of $150 or more as required by § 570.030.3(1), RSMo 1986, on the ground that the State's evidence of the retail value is insufficient in and of itself. Value is defined for purposes of the relevant statute as "the market value of the property at the time and place of the crime." § 570.020(1), RSMo 1986.

In *State v. Carter*, 544 S.W.2d 334 (Mo.App.1976), we recognized that there are various methods available to prove the market value of stolen property. Proof of the retail price of the property is one method that can be utilized. We said:

> We do not deny that retail price is simply an expectancy, an amount the owner hopes to receive for the item in the future. Nor do we deny that the profit factor included in the prices can be arbitrarily inflated or deflated by the merchant, and therefore, not realistically represent a true value to the victim. From this alone, however, we cannot conclude that evidence of retail price is not some evidence of market value ..." 544 S.W.2d at 338; *See also State v. Gordon*, 543 S.W.2d 553, 556 (Mo.App.1976).

Thus, not only is the retail price of the merchandise relevant and admissible, it can be the sole evidence that the stolen property had a value of $150 or more as required for a conviction of felony stealing. Of course, proof of market value by retail price is sufficient only when, as here, we are dealing with items which are sold over the counter on a more or less daily basis. The evidence clearly demonstrated that the stolen items were offered for sale in a store located within a large shopping mall, and displayed tags indicating the sale price at the time of theft. Nothing in the evidence indicated that the retail price was not the market value.

Defendant also contends that the trial court should have submitted an instruction on the lesser included offense of misdemeanor stealing. Since there was no evidence indicating that the stolen property had a market value less than $150, the court properly refused the instruction.

*State v. Eddes,* 721 S.W.2d 196 (Mo.App. 1986).

Judgment affirmed.

STEPHAN and CRANE, JJ., concur.