**STATE of Missouri, Plaintiff–Respondent,**

v.

**Richard Francis RODDY, Defendant–Appellant.**

No. 22356.

Missouri Court of Appeals, Southern District, Division Two.

May 28, 1999.

Motion for Rehearing or Transfer Denied June 21, 1999.

Kent Denzel, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General and Meghan J. Stephens, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Chief Judge.

Richard Francis Roddy ("Appellant") was charged by information on November 13, 1997, with the Class D felony of first degree property damage in violation of Section 569.100.[1] Appellant was accused of scratching a restored 1955 Ford sedan and a restored 1956 Ford convertible. A jury found Appellant guilty of the charge and recommended a sentence of five years imprisonment with a fine in an amount to be· determined by the court. Appellant filed a motion for new trial which was overruled. The trial court sentenced Appellant to five years imprisonment in the Missouri Department of Corrections and assessed a fine of $1.00. The written judgment entered May 15, 1998, however, sentenced Appellant to five years imprisonment in the Missouri Department of Corrections, a fine of $1.00, and restitution to be paid to the owner of the vehicles. Appellant appeals the trial court's judgment and sentence.

■ For his first point, Appellant complains that the trial court erred in refusing his tendered Instruction B, a verdict director for the lesser included offense of second degree property damage, because there was evidence presented from which the jury could have inferred that the damage to the vehicles was less than $750.

At trial, the owner of the vehicles testified that he had restored the cars to "mint" condition prior to their being dam-

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

aged. He also testified that at least one of the scratches was "down to the bare metal." A police officer called to the scene testified: "This part of the scratch was approximately a quarter inch wide. And it was so deep, it was to the metal part of the vehicle. It was clear down to the shiny metal." The owner testified that when a scratch goes through the primer coats to the metal, "[y]ou have to strip [the car] down to the metal again" before it can be repaired. Furthermore, he testified that the paint used on the vehicles was special paint that was impossible to match, and therefore the cars had to be repainted in their entirety to achieve uniform color. Evidence was presented that the owner paid $2,763 to have the 1955 Ford sedan painted and $2,592.31 to have the 1956 Ford convertible painted. Appellant presented no evidence at trial. He argued at trial, however, and again on this appeal, that "[t]he jury was not required to believe the testimony that completely repainting the cars was necessary just because the owner wanted this done. It is a matter of common knowledge and experience that body shops are capable of repainting portions of cars to match the remainder."

■ The trial court is required to instruct the jury on a lesser included offense if the evidence shows the lack of an essential element of the greater offense, thereby providing a basis for a verdict acquitting the defendant of the greater offense and convicting the defendant of the lesser offense. § 556.046.2; *State v. Tivis*, 948 S.W.2d 690, 694 (Mo.App. W.D.1997) (citing *State v. Mease*, 842 S.W.2d 98, 110–11 (Mo. banc 1992)). This "basis" must consist of more than mere possibility or speculation concerning what might have happened. *State v. Tivis*, 948 S.W.2d at 694. The question is whether the evidence, in fact or by inference, provides a basis for both an acquittal of the greater offense and a conviction of the lesser offense. *State v. Harris*, 825 S.W.2d 644, 648 (Mo. App. E.D.1992). To determine the evidentiary basis for acquittal, a defendant can-

not eliminate undisputed facts. *Id.*There must be an evidentiary basis logically permitting an operative fact to be disregarded. *Id.*Doubts concerning whether to instruct on a lesser included charge should always be resolved in favor of including the instruction. *State v. Tivis*, 948 S.W.2d at 694. However, there must be evidence in the record to support the giving of the instruction. *Id.*In its absence, a trial court should not instruct on a lesser included offense merely because the jury might disbelieve some of the State's evidence or decline to draw some or all of the permissible inferences. *Id.*

In this case, the trial court rejected the lesser included offense instruction, stating:

> Defendant's proposed lesser included offense [instruction] has been ... rejected by the court for the reason that the court believes there is absolutely no evidence whatsoever to support any verdict other than damages in excess of $750. Any finding of less than that would be speculation on the part of the jury, in the opinion of the court.

We conclude that the trial court did not err in refusing to offer the tendered lesser included offense instruction. The owner of the cars testified that the damage done to the vehicles totaled $5,355.31. Appellant offered no evidence to dispute this amount. This uncontradicted evidence of value warranted the instruction given by the trial court, and there was no error in the trial court's refusal to give the lesser included offense instruction. *See State v. Winters*, 900 S.W.2d 636, 640 (Mo.App. W.D.1995); *State v. Green*, 812 S.W.2d 779, 789 (Mo. App. W.D.1991); *State v. Morgan*, 807 S.W.2d 209, 210 (Mo.App. E.D.1991); *State v. Wilhite*, 580 S.W.2d 763, 763–64 (Mo. App. S.D.1979). Any finding by the jury that the damages were less than $750 would be based upon mere speculation. Accordingly, Appellant's point is denied.

■ For his second point, Appellant claims that the trial court erred "in issuing a written sentence and judgment that dif-

fered from the sentence it orally pronounced, and in including a provision in the written sentence and judgment in excess of its authority." Specifically, he complains that the trial court erred in including the condition of restitution as part of his written sentence.

At the sentencing hearing, the court declined Appellant's request for probation and sentenced him to five years to be served in the Missouri Department of Corrections. In doing so, the judge stated, "I know that I have a right to require restitution if you were going to be on probation. You're not going to be on probation.... And I would like to think that my suggestion to the Department of Probation and Parole that you'd be required to make restitution while you're on parole, as a condition of parole, would be honored in a reasonable amount." The written order of sentencing, however, provided that Appellant was to pay restitution to the victim in addition to serving a sentence of five years.

█ Appellant first argues that the trial court erred because its written sentence differed from its oral pronouncement of sentence. In criminal cases, generally, the written sentence and judgment of the trial court should reflect the oral pronouncement of sentence made in the presence of the defendant. *State v. Patterson,* 959 S.W.2d 940, 941 (Mo.App. E.D.1998). The trial court retains jurisdiction to modify the sentence until it is reduced to a written judgment if the court calls the defendant back for resentencing. *State v. Burrell,* 944 S.W.2d 948, 951 (Mo.App. W.D.1997). If the defendant is not returned for resentencing, the court has authority only to enter the sentence as orally pronounced. *Id.*; *State v. Johnson,* 864 S.W.2d 449, 451 (Mo.App. W.D.1993). Nothing in the record of this case indicates that the trial court returned Appellant to court for resentencing. Because the trial court issued a written order of sentence different from its oral pronouncement, and it did not call Appellant back for resen-

tencing before doing so, the case must be remanded to the trial court for the entry of a corrected sentence that is consistent with its oral pronouncement. The State concedes that remand for this reason is appropriate.

█ Appellant also alleges error in the trial court's written sentence because, pursuant to Section 557.011, the trial court lacked authority to order restitution as part of his sentence. Section 557.011 governs the authorized dispositions upon a finding of guilt. That statute authorizes the court to 1) impose a prison sentence, 2) assess a fine, 3) suspend the imposition of sentence, with or without placing the defendant on probation, 4) suspend the execution of sentence and place the defendant on probation, or 5) impose a period of detention as a condition of probation. It does not, however, authorize the court to impose a prison sentence and require restitution. Because Appellant was not placed on probation, Section 559.021.2(1) which authorizes the court to require restitution as a condition of probation does not apply. The State also concedes that the trial court was without authority to require restitution as a condition of Appellant's sentence.

The case is remanded for the trial court to enter a corrected sentence and judgment consistent with its oral pronouncement. The judgment is affirmed in all other respects.

SHRUM, P.J., and MONTGOMERY, J., concur.