Abdelfattah ZARHOUNI, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 71071.

Missouri Court of Appeals,
Western District.

June 22, 2010.

Alexa I. Pearson, Columbia, MO, for Appellant.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before: THOMAS H. NEWTON, C.J., JAMES E. WELSH, and ALOK AHUJA, JJ.

THOMAS H. NEWTON, Chief Judge.

Mr. Abdelfattah Zarhouni appeals the trial court's judgment denying his motion for post-conviction relief. We reverse in part and otherwise affirm.

## Factual and Procedural Background

Mr. Zarhouni was charged with second-degree assault, section 565.060,[1] and pleaded guilty.[2] Pursuant to a plea agreement, the State requested a seven-year sentence but did not oppose Mr. Zarhouni's request for a 120–day "shock treatment," which would have provided for Mr. Zarhouni's release on probation after serving 120 days. *See* § 559.115. The plea court denied probation, sentenced Mr. Zarhouni to seven years in the Missouri Department of Corrections—the maximum penalty under the statute—running concurrent with a sentence he was currently serving, and ordered "restitution fixed at $9,000."

Pursuant to Rule 24.035, Mr. Zarhouni filed a *pro se* motion for post-conviction relief. Appointed Counsel filed an amended motion alleging Mr. Zarhouni's sentence was unlawful and that he received ineffective assistance of counsel. After a hearing, the motion was denied. Mr. Zarhouni appeals, raising two points.

## Standard of Review

We review the appeal of a denial of post-conviction relief under a clearly erroneous standard. *Dobbins v. State*, 187 S.W.3d 865, 866 (Mo. banc 2006) (citing Rule 24.035(k)). The motion court's finding and conclusions "are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite impression that a mistake has been made." *Id.* (internal quotation marks and citation omitted).

## Legal Analysis

■ In his first point on appeal, Mr. Zarhouni argues that the motion court erred because the plea court exceeded its authority in imposing a seven-year prison term and ordering him to pay restitution—without placing him on probation.

■ Section 557.011 authorizes the trial court's dispositions on a finding of guilt. *State v. Roddy*, 998 S.W.2d 562, 565 (Mo. App. S.D.1999). These dispositions include: (1) imposing a prison sentence, (2) assessing a fine, (3) suspending the imposition of sentence, (4) suspending the execution of sentence and ordering probation, or

---

1. Statutory references are to RSMo 2000 or the Cumulative Supplement 2009. Rule references are to Missouri Court Rules 2009.

2. The attorney who negotiated the plea was not available at the plea hearing; a colleague from his office served as substitute counsel.

(5) imposing detention for a period as a condition of probation. *Id.* In *Roddy* the trial court attempted to order both imprisonment and restitution. *Id.* Because section 557.011 does not authorize the trial court to impose a prison sentence while also requiring restitution, the *Roddy* court concluded such an order was beyond the court's authority. *Id.*

Here, the motion court found that the restitution order was proper under section 559.100,[3] which authorizes a court to order restitution as a condition of probation or parole. That section states:

1. The circuit courts of this state shall have power, herein provided, to place on probation or to parole persons convicted of any offense over which they have jurisdiction. . . .

2. The circuit court shall have the power to revoke the probation or parole previously granted and commit the person to the department of corrections. The circuit court shall determine any conditions of probation or parole for the defendant that it deems necessary to ensure the successful completion of the probation or parole term, including the extension of any term of supervision for any person while on probation or parole. The circuit court may require that the defendant pay restitution for his crime. The probation or parole may be revoked for failure to pay restitution or for failure to conform his behavior to the conditions imposed by the circuit court. The circuit court may, in its discretion, credit any period of probation or parole as time served on a sentence.

§ 559.100.

The motion court found this section to authorize the order of restitution "if and when [Mr. Zarhouni] was released on parole." We find this interpretation to strain the plain language of the statute. The provision authorizes the circuit court to order restitution as a condition of probation or parole at the time of granting such probation or parole. We do not read it to authorize the trial court to order restitution as a future condition of parole, while sentencing the defendant to a term of imprisonment, particularly in light of *Roddy.* Consequently, the plea court did not have the authority to order Mr. Zarhouni to serve a seven-year term and pay restitution. While the State argues that the statement about restitution "was merely a reference to a possible condition of parole at some later date" and was consequently surplusage, we find the effect to be the same. Therefore, we modify the judgment and strike the portion of the judgment requiring restitution. *See* Rule 84.14. Mr. Zarhouni's first point is granted.

■ In his second point on appeal, Mr. Zarhouni contends that the motion court erred because he was denied effective assistance of counsel in that his plea counsel never informed him that: (1) he could be sentenced to serve seven years; and (2) he could be sentenced to seven years and ordered to pay restitution. Because we have already reversed the judgment's order of restitution, we do not address the second part of the argument.

■ To succeed on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was below the standard of a reasonably competent attorney and that he was prejudiced by the subpar performance. *State v. Roll,* 942 S.W.2d 370, 374–75 (Mo. banc

---

3. Section 559.021.2 authorizes a court to order restitution as a condition of probation.

*See State v. Roddy,* 998 S.W.2d 562, 565 (Mo. App. S.D.1999).

1997). To show prejudice in the context of a guilty plea, the defendant must show that absent the errors of counsel, he would not have pled guilty and would have demanded to go to trial. *Id.* at 375.

A guilty plea "must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Id.* Plea counsel may thus be ineffective if counsel's actions rendered the defendant's plea unknowing or involuntary. *Dobbins,* 187 S.W.3d at 866. If plea counsel's representation about sentencing was mistaken, the defendant was entitled to rely on it, and the reliance was reasonable, the defendant's ability to enter a knowing and voluntary plea may be impinged. *Id.* at 866–87.

Mr. Zarhouni argues that counsel erroneously informed him that he would receive a 120–day "shock treatment," that this fell below the standards of a reasonably competent attorney, and that he was prejudiced by this error because had he known he would be sentenced to serve seven years, he would have chosen to go to trial. His guilty plea, he contends, was not knowing or voluntary.

Mr. Zarhouni however did not show that plea counsel made a mistaken representation about sentencing on which he was entitled to rely. Both lawyers responsible for Mr. Zarhouni's plea representation testified that the plea agreement was for a seven-year sentence, with the State agreeing not to oppose Mr. Zarhouni's request for a 120–day "shock treatment" with subsequent probation. Mr. Zarhouni then testified at the plea hearing that he understood he could be sentenced to serve seven years:

> [PLEA COURT]: Did you understand that was going to be [the State's] recommendation, seven and go?

[MR. ZARHOUNI]: Yes.

. . . .

[PLEA COURT]: Has anybody made you any promise that's not been stated here in order to get you to plead guilty against your will?

[MR. ZARHOUNI]: No, sir.

. . . .

[PLEA COURT]: Do you understand that your attorney can give you advice and make recommendations to you, but it has to be your decision as to whether or not you plead guilty.

[MR. ZARHOUNI]: Yes, sir.

[PLEA COURT]: Is that what you want to do?

[MR. ZARHOUNI]: Yes, sir.

[PLEA COURT]: Now the 120 thing, the 120–day deal . . . I'm not bound by that. The only thing I'm agreeing to do is everybody's in agreement that you will get a seven-year sentence. I may ask a couple more questions of counsel, but I'm not bound by giving you that 559 120–day release thing. I might do it and I might not. If I don't do it, I'm not going to let you withdraw your plea. Okay? . . . You follow me?

[MR. ZARHOUNI]: Yes.

Consequently, the record reflects that Mr. Zarhouni knew there was no promise of probation and that the plea court could order him to serve seven years. Although at the post-conviction motion hearing, Mr. Zarhouni testified that he was told that he would not receive seven years imprisonment, the motion court was not required to find his testimony credible, particularly where the record from the plea hearing refutes his claim. Mr. Zarhouni's second point is denied.

## Conclusion

For the foregoing reasons, the motion court's judgment upholding Mr. Zarhouni's seven-year sentence is affirmed; the judgment upholding the plea court's entry of a restitution order is reversed, and the judgment is modified pursuant to Rule 84.14.

WELSH and AHUJA, JJ. concur.