STATE EX REL. Anthony W.
BOWMAN, Relator,

v.

The Honorable Timothy W.
INMAN, Respondent.

No. SC 95783

Supreme Court of Missouri,
en banc.

Opinion issued April 4, 2017

Sarah Jackson, Public Defender's office, Farmington, for Relator.

Ariel B. Epulle, Benjamin Campbell, St. Francois County, Prosecutor's Office, Farmington, for Respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

Paul C. Wilson, Judge

Anthony Bowman seeks a writ of prohibition barring the circuit court from adding restitution to the conditions of his probation. He challenges the validity of this modification on the grounds that the amount of restitution ordered by the circuit court is improper under section 559.105.[1] This Court issued a preliminary writ of prohibition and now makes that writ permanent.

### Background

In 2014, the victim in this case ("CM") had numerous items of personal property stolen from her apartment. Police were

1. Unless otherwise indicated, all statutory references are to RSMo Supp. 2013.

notified that Bowman, a fellow tenant in CM's apartment complex, was in possession of some of the stolen items. The police searched Bowman's residence and recovered several of the stolen items. Those items were returned to CM without damage. There was no other evidence implicating Bowman in the theft from CM's apartment or connecting him with any of the stolen items.

On October 23, 2014, Bowman was charged with one count of felony receiving stolen property under section 570.080, RSMo Supp. 2011. The only items identified in this charge were those items recovered from Bowman's apartment and returned to CM. The state lowered Bowman's charge to a class A misdemeanor, and Bowman pleaded guilty to one misdemeanor count of receiving stolen property. Bowman was given a suspended imposition of sentence pending two years of court-supervised probation. Restitution originally was not a condition of this probation.

On January 29, 2016, the state filed a motion to modify Bowman's probation by adding a condition of restitution. The state alleged that Bowman should be made to pay $4,064 to CM to compensate her for the items that were stolen from her apartment but not recovered from Bowman.[2] At a hearing on the state's motion, CM testified that it would cost her $4,064 to replace the unrecovered items. No evidence was offered connecting Bowman to those items. Instead, the evidence again showed that the only items belonging to CM that Bowman possessed were those seized from his apartment and returned to CM. The trial court granted the state's motion and modified the terms of Bowman's probation to add a condition that he pay the requested restitution (and administration fee) by making monthly payments of $240.

Bowman sought of writ of prohibition in the court of appeals, claiming the trial court lacked authority to add the restitution condition because section 559.105.1 only authorizes restitution for losses connected to the offense for which he was charged, i.e., possession of stolen property. Because all of the property he was charged with receiving was recovered by the police and returned to CM, Bowman claims the trial court lacked authority to order restitution for the remaining items., i.e., those items that were stolen from—but not returned to—CM. The court of appeals issued a preliminary writ but quashed the writ without opinion. Bowman now petitions this Court for the same relief on the same grounds. *See* Rules 84.22(b), 84.24(n), and 97.03.

### Analysis

■ This Court has authority to "issue and determine original remedial writs." Mo. Const. art. V, § 4.1. The writ of prohibition is available when a trial court acts beyond its authority. *State ex rel. Mo. Pub. Defender Comm'n v. Waters*, 370 S.W.3d 592, 603 (Mo. banc 2012).

■ Bowman seeks a writ of prohibition barring the trial court from adding a condition to his probation requiring him to pay $4,064 as restitution to CM for the property stolen from her apartment but not recovered from Bowman. Because Bowman was not charged with—and did not plead guilty to—receiving any of the property stolen from CM other than those items that were returned to CM, and because the state offered no other evidence connecting Bowman to those stolen-but-unrecovered items, Bowman contends the

---

**2.** The state also sought to include a $75 fee payable to the St. Francois County Prosecutor for administering the collection of Bowman's restitution obligation.

trial court lacked authority under section 559.105.1 to require the restitution it did. This Court agrees.

Sections 559.021 and 559.100, RSMo Supp. 2014, provide trial courts with broad discretion to determine the conditions of probation, including conditions that the defendant pay restitution to the crime victims. Section 559.100 provides that the trial court "shall determine any conditions of probation or parole for the defendant that it deems necessary." To the same effect, section 559.021 authorizes a trial court to impose any conditions it determines are "reasonably necessary to ensure that the defendant will not again violate the law," including conditions "the court believes will serve to compensate the victim ...." On the subject of restitution, however, section 559.105.1 limits these broad grants of authority by providing: "Any person who has been found guilty of or has pled guilty to an offense may be ordered by the court to make restitution to the victim for the victim's losses due to such offense."

There is no doubt that section 559.105.1 limits the broad authority granted under sections 559.021 and 559.100. Not only must statutes on the same subject be read together, *Lane v. Lensmeyer*, 158 S.W.3d 218, 226 (Mo. banc 2005), but it would be absurd to conclude the General Assembly intended to impose a causation requirement for restitution under section 559.105.1, while allowing for restitution unrestrained by "but for" causation under sections 559.021 and 559.100. Instead, this Court concludes the General Assembly intended sections 559.021 and 559.100 to authorize trial courts to require restitution as a condition of probation but intended also that any exercise of that authority would comply with the causation requirement imposed by section 559.105.1, i.e., that restitution only be required for losses "due to"

the offense for which the defendant has been found (or pleaded) guilty.

In interpreting section 559.105.1, as with any statute, this Court's "primary goal is to give effect to legislative intent as reflected in the plain language of the statute." *Stiers v. Dir. of Revenue*, 477 S.W.3d 611, 615 (Mo. banc 2016). The plain language of section 559.105.1 limits the authority of a trial court to require restitution as a condition of probation by restricting restitution only to "the victim's losses due to such offense." The plain and unambiguous meaning of the phrase "due to" is "because of." Webster's Third New International Dictionary 699 (2002).

Here, there was no evidence connecting Bowman to CM's unrecovered losses, nor was there any evidence that CM's unrecovered losses were "due to" or "because of" the misdemeanor offense of receiving stolen property to which Bowman pleaded guilty. At the hearing on the state's motion, CM admitted that the items Bowman pleaded guilty to receiving all had been returned to her in acceptable condition. Because the state failed to show that CM's unrecovered losses were "due to" Bowman's offense, the trial court had no authority to require Bowman to make good on those losses as a condition of his probation.

## Conclusion

Preliminary writ of prohibition made permanent.

Breckenridge, C.J., Fischer, Stith, Draper and Russell, JJ., concur.