

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| WILLIAM PAUL SCHEIDER, IV, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD35415 |
| | ) | |
| STATE OF MISSOURI, | ) | FILED: February 11, 2019 |
| | ) | |
| Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF MARIES COUNTY

#### Honorable John D. Beger, Judge

## **AFFIRMED**

This appeal arises from and challenges a frequent plea-bargain scenario. Appellant (Movant), a prior offender, potentially faced multiple theft-related felonies. He reviewed the evidence with his attorney, to whom he admitted guilt, saying he wanted to "make it right" and "pay it all back," but "didn't want to go to prison."

A plea agreement was made for Movant to pay $575 total restitution and plead guilty to one felony, with the state recommending probation and agreeing not to file the other charges. At the plea hearing, the prosecutor outlined the agreement, including the $575 restitution, a figure Movant acknowledged in writing in his plea petition.

The court accepted the plea and sentenced Movant accordingly. After Movant violated probation and was sent to prison, he sought Rule 24.035 PCR relief, claiming as relevant here that:

1. His restitution obligation should be "struck" because it included crimes "for which he was not charged and did not plead guilty to," citing § 559.105 and ***State ex rel. Bowman v. Inman***, 516 S.W.3d 367 (Mo. banc 2017); and

2. Plea counsel was ineffective for not raising such objection or timely informing Movant of the restitution amount, and had counsel done the latter, Movant would have gone to trial and not pleaded guilty.[1]

The motion court denied relief after an evidentiary hearing. This appeal follows.

## PCR Claim 1

We are skeptical that Movant's request to strike the restitution order is cognizable under Rule 24.035, but need not expound on those doubts because ***Bowman*** and § 559.105 do not support relief.

The victim in ***Bowman*** had substantial property stolen. Police found several items in Bowman's apartment. He pled guilty to and received probation for misdemeanor receiving stolen property, with that charge identifying only the items recovered from Bowman's apartment and returned to the victim. No restitution was ordered. Months later, the state convinced the court to add a $4,064 restitution condition, representing all of the victim's stolen property, without any evidence linking Bowman to those items.

Bowman sought writ relief, "claiming the trial court lacked authority to add the restitution condition because section 559.105.1 only authorizes restitution for losses connected to the offense for which he was charged, i.e., [misdemeanor] possession of stolen property." 516 S.W.3d at 368. Our supreme court agreed, construing § 559.105 restitution as permissible only "for losses 'due to' the offense for which the defendant has been found (or pleaded) guilty." ***Id***. at 369.

This case differs from ***Bowman***, where the plea court, months after sentencing, effectively changed the deal to which Bowman had agreed. Here, Movant expressly agreed to $575 restitution as part of his deal and got the full benefit of his bargain, which the court and the state honored exactly as Movant petitioned for and requested.

---

[1] We have reviewed the record to confirm timeliness of the pro se and amended motions.

Ordering restitution for uncharged crimes did not violate § 559.105 here, but even if it did, Movant cannot complain of self-invited error. ***Johnson v. State***, 477 S.W.3d 2, 8 (Mo.App. 2015)(movant waived double-jeopardy claim by knowingly and voluntarily entering negotiated plea agreement and receiving its benefits).

## PCR Claim 2

In denying this claim, the motion court judicially noticed Movant's criminal case and plea proceedings, considered the PCR testimony of Movant (by deposition) and plea counsel, and made these factual findings:

> 8. The amount of restitution was announced to the Court during Movant's guilty plea and the Movant acknowledged that amount to the Court.

> 9. Movant acknowledged in his deposition that part of the restitution amount was for another item stolen from the victim that Movant had admitted stealing.

> 10. The Court finds the testimony of [plea counsel] to be credible.

> 11. [Plea counsel] discussed with Movant several times before plea that the State wanted restitution for all items Movant stole from the victim and the Movant told him "he wanted to make things right" for the victim.

> 12. [Plea counsel] advised Movant before the plea that the State's recommendation for probation was contingent upon payment of the full restitution of $575.00.

> 13. [Plea counsel] advised Movant before the plea that the State's agreement not to file other felony charges in connection with the Receiving Stolen Property charge Movant was charged with was contingent upon payment of the full restitution of $575.00.

> 14. Movant was asked by the Court at his Plea of Guilty and at his Probation Revocation hearing if he was satisfied with the services of his lawyers and he stated that he was.

These findings and the motion court's conclusion that plea counsel was not ineffective are not clearly erroneous. Rule 24.035(k). Movant's scant contrary argument ignores our standard of review. Counsel would have been *less* effective

3

to risk Movant taking four felony hits, instead of just one, to better support $575 restitution.[2]  Judgment affirmed.

DANIEL E. SCOTT, J. — OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

---

[2] As plea counsel explained under questioning by Movant's PCR counsel:

> A.  Well, I understand your argument. If he had plead [*sic*] not guilty and went through a trial, then the rules of law that you're citing are absolutely correct.
>
> But we made a deal with the State that he would not be charged with any more crimes if he made the victims whole.  And that's what we did.
>
> Q.  Okay.
>
> A.  So we promised to return every bit he stole. And in return, he was not gonna be charged with three more felonies.