

# Missouri Court of Appeals
## Southern District
### Division One

CHRISTOPHER ALLEN BORNEMAN, )
                                     )
      Movant-Appellant, )
                                     )
vs. )          No. SD35503
                                     )
STATE OF MISSOURI, )          Filed February 20, 2019
                                     )
      Respondent-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF LACLEDE COUNTY

Honorable Matthew P. Hamner

AFFIRMED

Christopher Allen Borneman ("Movant") was charged with passing a bad check with the intent to defraud, a class C felony under section 570.120.[1] He pleaded guilty to that charge as part of a negotiated plea agreement (the "Plea Agreement"), which the plea court accepted, requiring that Movant (1) serve a seven-year prison sentence in the Department of Corrections ("DOC") (to run concurrently with any and all other prison sentences Movant was then serving), and (2) be ordered to pay restitution, via a separate judgment of restitution document submitted by the State to the plea court at the time of Movant's plea (the "Restitution Order"), in the

---

[1] All statutory references are to RSMo Cum.Supp. 2013.

amount of $3,260.44, plus a $75 handling fee, in monthly installments beginning thirty days after Movant is released from the DOC.

After he was sentenced in accordance with the Plea Agreement and delivered to the DOC, Movant timely filed a *pro se* Rule 24.035 motion for post-conviction relief ("PCR motion").[2] Movant claimed, as relevant here, that he was denied due process of law, in that the plea court lacked authority under section 557.011 to sentence him to a term of imprisonment and also order him to pay restitution. Following an evidentiary hearing, the motion court issued its findings of fact, conclusions of law, and judgment denying post-conviction relief. Movant timely appeals. Because Movant's claim was waived by his knowing, voluntary, and intelligent guilty plea and the complained-of plea court error, if any, was self-invited, we affirm.

### Factual and Procedural Background

During Movant's plea hearing, counsel outlined the terms of the Plea Agreement to the plea court. First, Movant's plea counsel indicated that the terms were "[s]even years concurrent to any and all other sentences." The plea court then asked if Movant was serving time, and Movant responded affirmatively. The plea court next asked the prosecutor to confirm whether plea counsel had accurately described the Plea Agreement. The prosecutor agreed and added, "[t]he agreement also is that the State is filing a judgment and order for restitution that [Movant] is to pay while he's on parole." The plea court inquired whether there was any reason it should not sign the Restitution Order, and plea counsel responded and confirmed, "No, that's part of our agreement." The prosecutor added, "Your Honor, I would ask that you inquire of [Movant]. He

---

[2] Movant pleaded guilty and was sentenced on June 6, 2016, and subsequently filed his PCR motion on September 19, 2016. Counsel for Movant entered his appearance on November 8, 2016. A complete transcript of Movant's plea and sentencing hearing was filed on January 10, 2017. On February 28, 2017, counsel requested and the motion court granted an additional thirty days, until April 10, 2017, to file an amended motion. On April 7, 2017, counsel filed a timely statement in lieu of an amended motion, in which he represented that he had reviewed the case files and the plea and sentencing transcript and determined that there were no meritorious claims to be raised other than those contained in Movant's *pro se* PCR motion.

2

has a habit of, I think, filing appeals saying that he did not realize he had to pay this on parole, judging from his Case.net history." Addressing Movant, the court asked, "Is that your understanding of the negotiated plea, Mr. Borneman?" Movant then responded, "Yes, [Y]our Honor."

The plea court then examined Movant under oath. During this exchange, Movant admitted to the facts underlying the charge against him and indicated that he understood the possible range of punishment[3] and the terms of the Plea Agreement. Regarding the restitution component of the Plea Agreement, the plea court recited the terms that Movant would be "required to pay restitution in the amount of $3,260.44 plus a $75 administrative hearing – handling costs" and that "[m]onthly payment will begin 30 days after [Movant is] released from [DOC] confinement." Asked again if he understood this component of the Plea Agreement, Movant replied, "Yes, Your Honor." Movant also responded affirmatively when asked whether he understood that he was receiving a benefit by accepting the Plea Agreement. The plea court accepted Movant's guilty plea, finding that Movant's decision to plead guilty had been knowingly, voluntarily, and intelligently made. The plea court also accepted the Plea Agreement, announced Movant's sentence, and executed his sentence in conformity with the agreement's terms.

Thereafter, Movant filed his PCR motion, claiming, among other things, that his sentence, which included a term of years in the DOC and an order of restitution, exceeded the maximum sentence allowed by section 557.011. Movant asserted that *State v. Schnelle*, 398 S.W.3d 37 (Mo.App. 2013), *Zarhouni v. State*, 313 S.W.3d 713 (Mo.App. 2010), and *State v. Roddy*, 998 S.W.2d 562 (Mo.App. 1999), supported his claim. Further, Movant admitted in his

---

[3] As recited by the plea court to Movant, "The range of punishment for a Class C felony is two to seven years in the [DOC] or up to one year in the county jail or a fine of $5,000 or both the fine and confinement."

3

PCR motion, which he certified as being "true and correct[,]" that before he entered his guilty plea he discussed his section 557.011 claim with his plea counsel and had shown plea counsel his asserted supporting case law.

At the evidentiary hearing on the PCR motion, the motion court took judicial notice of the underlying record (including the transcript of Movant's plea hearing, the Plea Agreement, the Restitution Order, and the plea court's formal judgment) and heard the arguments of counsel. No witness testimony was offered. Ultimately, the motion court denied the PCR motion. Citing *Bellamy v. State*, 525 S.W.3d 166 (Mo.App. 2017), the motion court concluded that a 2013 amendment to section 559.105 changed the existing law to allow an order of restitution as part of a sentencing disposition that also includes a term of years in the DOC.

### Standard of Review

Our review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009).

Moreover, "the judgment should be affirmed if the judgment is sustainable on other grounds." *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013). In other words, "[t]his court may affirm the judgment on any legal ground supported by the record if the motion court arrived at the correct result." *Greene v. State*, 332 S.W.3d 239, 246 (Mo.App. 2010).

### Discussion

Movant's sole point on appeal contends:

> The motion court clearly erred in denying [Movant]'s 24.035 amended [sic] motion claim that the plea court lacked authority to both sentence him to an executed term of years in [DOC] and to pay restitution because [Movant] was

4

denied his right to due process, U.S. Const. Amend. XIV and Mo. Const. Art. I §10, in that under §557.011 restitution is not an authorized punishment.

We need not and do not reach the merits of Movant's point because Movant waived this claim and the asserted plea court error, if any, was invited by Movant.

On its face, Movant's point is premised on a constitutional ("right to due process") claim arising from a statutory ("§557.011") claim. "A guilty plea waives, however, all constitutional and statutory claims except jurisdictional defects and claims that the guilty plea was not made knowingly, voluntarily, and intelligently." **Stanley v. State**, 420 S.W.3d 532, 544 (Mo. banc 2014); *see also* **Garris v. State**, 389 S.W.3d 648, 651 (Mo. banc 2012) (stating that "[a] guilty plea 'represents a break in the chain of events which has preceded it in the criminal process.'" (quoting **Hampton v. State**, 495 S.W.2d 638, 642 (Mo. banc 1973))).

Movant does not challenge the plea court's jurisdiction, so his section 557.011 claim is cognizable only to the extent it shows that his guilty plea was not entered knowingly, voluntarily, and intelligently. *See* **Stanley**, 420 S.W.3d at 544. Yet, Movant did not allege in his PCR motion, prove at the evidentiary hearing, or contend in this appeal that, contrary to the express finding of the plea court otherwise, his guilty plea was not entered knowingly, voluntarily, and intelligently.

Nowhere in the PCR motion did Movant challenge any of the factual findings of the plea court, nor has Movant otherwise pleaded and proved that his guilty plea was not knowingly, voluntarily, and intelligently made. Absent such an allegation by Movant, the motion court did not and was not required to address this issue. *See* Rule 24.035(j) (stating that motion court is only required to address issues presented in the motion); **Sabatucci v. State**, 420 S.W.3d 597, 603 (Mo.App. 2013)). Without a finding that Movant's guilty plea was *not* knowingly, voluntarily, and intelligently made, Movant by that guilty plea waived his constitutional and

5

statutory claims. *See Johnson v. State*, 477 S.W.3d 2, 8 (Mo.App. 2015) (guilty plea waived constitutional double jeopardy defense); *Generaux v. State*, 448 S.W.3d 355, 359–60 (Mo.App. 2014) (guilty plea waived statute of limitations defense); *Sabatucci*, 420 S.W.3d at 603 (guilty plea waived constitutional claim for ineffective assistance of counsel).

Moreover, as *Johnson*, *supra*, further recognized, "'a defendant may not take advantage of self-invited error or error of [his or her] own making.'" 477 S.W.3d at 8 (quoting *State v. Bolden*, 371 S.W.3d 802, 806 (Mo. banc 2012)). "'No criminal trial or judgment should be affected, in any manner, by an error committed at the instance of the defendant.'" *Id.* (quoting *State v. Mashek*, 336 S.W.3d 478, 484–85 (Mo.App. 2011)).

Here, before entering into the Plea Agreement, Movant was fully aware of the State's insistence upon the Restitution Order as part of the Plea Agreement, in addition to a seven-year term of DOC incarceration. As admitted in his PCR motion, Movant also was fully aware and had discussed with his plea counsel before his guilty plea both (1) his section 557.011 statutory claim that the plea court could not impose a sentence of incarceration and order restitution and (2) his asserted supporting case law for that claim. Rather than reject the proffered plea agreement that included both and proceed to trial, however, Movant knowingly, voluntarily, and intelligently chose to enter into the Plea Agreement and plead guilty, thereby waiving his section 557.011 claim. *See Stanley*, 420 S.W.3d at 544. As he admitted during the plea hearing, he did so in order to secure a benefit to himself. That benefit included (1) serving his seven-year prison sentence *concurrent* with the sentence he was then serving on an unrelated conviction, thereby eliminating the possibility of a *consecutive* sentence, and (2) eliminating the possibility of the imposition of any fine, which could have been as much as $5,000, thereby possibly exceeding the restitution amount required by the Plea Agreement. In securing this benefit by asking the

6

plea court to approve and sentence him in accordance with the Plea Agreement, without raising his well-known and legally-researched section 557.011 claim, Movant thereby knowingly, voluntarily, and intelligently invited the plea court's error under that section, if any, in sentencing him to incarceration and ordering restitution. *See **Johnson***, 477 S.W.3d at 8.

Even now, through his PCR motion, Movant does not seek to set aside his guilty plea and go to trial. Rather, Movant seeks to retain his Plea Agreement benefit procured by his knowing, voluntary, and intelligent guilty plea but, nevertheless, unilaterally change that now executed Plea Agreement by asking the motion court to "simply strike the unlawful portion of the judgement [sic] requiring restitution and send a certified copy of the amended judgement [sic] and sentence to the [DOC] records office." Movant is not entitled to that relief, as discussed, *supra*, because he waived his section 557.011 claim and self-invited the alleged plea court error, if any, under that section. The motion court did not clearly err in denying his PCR motion. Movant's point is denied.

## Decision

The motion court's judgment is affirmed.


GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, JR., P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs

7