In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

KEVIN T. CHANDLER, ) No. ED108792
 )
 Appellant, ) Appeal from the Circuit Court
 ) of Warren County
vs. )
 ) Honorable Jason H. Lamb
STATE OF MISSOURI, )
 )
 Respondent. ) FILED: April 13, 2021

 Introduction

 Kevin T. Chandler (“Chandler”) appeals from the motion court’s denial of his Rule

24.0351 motion for post-conviction relief following an evidentiary hearing. Chandler raises two

points on appeal. In Point One, Chandler maintains that the plea court exceeded its authority

when imposing his sentences of restitution. Specifically, Chandler argues that allowing the

orders of restitution to stand is clearly erroneous because restitution was imposed in conjunction

with a term of imprisonment, in violation of Section 557.011.2 In Point Two, Chandler asserts

the motion court clearly erred in upholding his sentences of restitution because they exceeded the

maximum sentence in that no evidence supported the amounts of restitution. We do not reach

the substantive merits of Chandler’s points on appeal. Chandler waived his claims challenging

the restitution orders in his sentencing by knowingly and voluntarily pleading guilty pursuant to

1
 All Rule references are to Mo. R. Crim. P. (2019), unless otherwise indicated.
2
 All Section references are to RSMo (2016), unless otherwise indicated.
negotiated plea agreements that provided for restitution and specified their amounts.

Accordingly, we deny both points on appeal and affirm the motion court’s judgment.

 Factual and Procedural History

 The offenses underlying this case involve two burglary incidents committed in 2015 that

were consolidated for appeal. The State separately charged Chandler in each incident with

second-degree burglary and receiving stolen property.

 Chandler entered into plea agreements with the State. The plea agreements provided for

a term of incarceration as well as restitution in the amounts of $3709.66 and $3975.00 for the

two cases, respectively.

 At his plea hearing, Chandler told the plea court that he wished to plead guilty pursuant

to the plea agreements. Chandler testified that he agreed with the factual bases supporting his

guilty pleas, in which the State orally estimated restitution in the amounts of fifteen hundred and

eighteen hundred dollars respectively, and the plea court found that Chandler understood the

nature of the charges and that his pleas were voluntary and unequivocal. Chandler

acknowledged that he was waiving certain rights by pleading guilty, and he denied any threats or

promises induced his guilty plea. The plea court accepted Chandler’s guilty pleas.

 Chandler further testified he understood the range of punishment and that the State’s

recommendation in the plea agreements included standard court costs and Crime Victims’

Compensation, as well as restitution in both cases. The signed plea agreements were submitted

to the plea court. Chandler asked about the manner in which the restitution would be collected

because he did not want the restitution deducted from his prison account. Chandler asked how

the restitution amounts were calculated. The State explained that the amount of restitution

included both the value of the stolen property and damage to the victims.

 2
 The plea court inquired into Chandler’s satisfaction with plea counsel’s representation.

Chandler testified he had sufficient time to consult with plea counsel and he had no complaints

about how she handled his cases. Chandler waived a sentencing assessment report, and the plea

court announced it would sentence Chandler in accordance with the plea agreements he had

negotiated and signed with the State. The plea court then sentenced Chandler as a prior and

persistent offender to ten years in one case and eight years in the other case. The sentences were

ordered to be served concurrently with one another and with any sentences Chandler was already

serving. The judgments reflected orders of restitution in the amounts of $3709.66 and $3975.00

pursuant to the plea agreements.

 Chandler then moved for post-conviction relief. In his Rule 24.035 amended motions,

Chandler alleged ineffective assistance of plea counsel. Specifically, Chandler alleged his guilty

plea was involuntary, unknowing, and unintelligent because the amended information reflected

an incorrect charge,3 plea counsel failed to advise Chandler that he would not receive credit for

cases still awaiting disposition, and plea counsel failed to adequately investigate a motion to

suppress evidence. Chandler also alleged that the plea court’s sentences exceeded the authorized

range of punishment under Section 557.011 by ordering restitution and a term of imprisonment,

that the plea court failed to orally pronounce the restitution at sentencing, and that insufficient

evidence supported the amount of restitution.

 The motion court consolidated the two cases and held an evidentiary hearing on the Rule

24.035 amended motions. At the evidentiary hearing, the motion court took judicial notice of

both case files and accepted into evidence the plea agreements, plea hearing transcript, and

sentencing with restitution orders. Chandler struck his claims concerning the amended

3
 The motion court granted Chandler’s motion for a nunc pro tunc order to correctly reflect that Chandler pleaded
guilty in both cases to receiving stolen property rather than stealing.

 3
information and suppression motion, and he proceeded solely on the claims concerning

restitution and credit for time served. Plea counsel testified it was her understanding that the

plea court could impose a prison sentence and restitution concurrently and that within thirty days

Chandler could have challenged the restitution amounts. Plea counsel acknowledged there were

written plea agreements in both Chandler’s cases and that generally the defendant and the State

discuss and settle upon the amount of restitution to be stipulated in the plea agreement. Chandler

denied that the plea agreements he signed specified restitution or denoted the amounts of

restitution. The plea agreements were shown to Chandler and he identified his signatures on

those agreements. Chandler further testified that he was not claiming he would have gone to trial

but rather that he would have pleaded sooner. The motion court denied Chandler’s motions for

post-conviction relief. Chandler now appeals.

 Points on Appeal

 Chandler raises two points on appeal. Point One contends the motion court clearly erred

in upholding the sentences of restitution because the sentences exceeded the maximum

sentencing allowed under Section 557.011, which does not authorize the payment of restitution

in addition to the imposition of an immediate prison sentence. Point Two argues the motion

court clearly erred in upholding the sentences of restitution because the amounts of restitution

were not linked to the amounts of the victims’ losses due to the offenses as required by Section

559.105.

 Standard of Review

 Our review of the denial of a post-conviction motion following a guilty plea is limited to

a determination of whether the motion court’s findings of fact and conclusions of law are clearly

erroneous. Rule 24.035(k); Johnson v. State, 580 S.W.3d 895, 900 (Mo. banc 2019) (internal

 4
citation omitted). “In reviewing the overruling of a motion for post-conviction relief, the motion

court’s ruling is presumed correct.” Greene v. State, 585 S.W.3d 800, 803 (Mo. banc 2019)

(internal quotation omitted). We will only find that a motion court has clearly erred when we are

left with a definite and firm impression that a mistake has been made. Johnson, 580 S.W.3d at

900 (internal citation omitted). Where the motion court granted an evidentiary hearing, in our

review of the testimony presented, we will “defer[] to the motion court’s superior opportunity to

judge the credibility of witnesses.” Id. at 901 (internal quotation omitted). We will affirm the

judgment if it is sustainable on any legal ground supported by the record. Swallow v. State, 398

S.W.3d 1, 3 (Mo. banc 2013).

 Discussion

 Preliminarily, the State asks us to deny Chandler’s points on appeal because Chandler

waived his claims challenging the restitution portions of his sentences when he voluntarily

pleaded guilty pursuant to negotiated agreements. We must be guided by Missouri law and

precedent in our appellate review. Here, the State correctly argues that Missouri precedent

requires a finding Chandler waived both restitution claims as in Borneman v. State, 573 S.W.3d

83 (Mo. App. S.D. 2019).

 In Borneman, the movant pleaded guilty pursuant to a plea agreement, then sought post-

conviction relief under Rule 24.035, alleging the plea court exceeded the maximum sentence

allowed by Section 557.011 by sentencing him to both a term of imprisonment and ordering him

to pay restitution. Id. at 85–86. Borneman held the movant waived his claim for relief from the

order of restitution in a post-conviction proceeding because any sentencing error by the plea

court was self-invited by movant’s voluntary, knowing, and intelligent guilty plea pursuant to a

plea agreement in which he agreed to the terms of imprisonment and restitution. Id. at 87.

 5
Given the similarity between the factual and procedural postures in Borneman and here, we find

Borneman guides the outcome of Chandler’s appeal. See id.

 Rule 24.035 allows a movant to bring claims “that the conviction or sentence imposed

violates the constitution and laws of this state or the constitution of the United States, including

claims . . . that the sentence imposed was in excess of the maximum sentence authorized by

law[.]” Rule 24.035(a). “A guilty plea waives, however, all constitutional and statutory claims

except jurisdictional defects and claims that the guilty plea was not made knowingly, voluntarily,

and intelligently.” Stanley v. State, 420 S.W.3d 532, 544 (Mo. banc 2014) (citing Garris v.

State, 389 S.W.3d 648, 651–52 (Mo. banc 2012)).

 Here, as in Borneman, Chandler seeks only to strike the restitution component from his

sentences. See Borneman, 573 S.W.3d at 88. Because the points on appeal challenge the plea

court’s statutory authority to impose Chandler’s sentences and do not challenge jurisdiction, his

claims “are cognizable only to the extent they show that the guilty pleas were not entered

knowingly, voluntarily, and intelligently.” Stanley, 420 S.W.3d at 544 (citing Cooper v. State,

356 S.W.3d 148, 154 (Mo. banc 2011) (“Having pleaded guilty, a defendant’s only avenue for

challenging his conviction is to claim that he did not voluntarily or intelligently enter his plea.”

(internal quotation omitted))). Chandler does not challenge the voluntariness of his plea, nor

does he argue that he was prejudiced such that he would have gone to trial rather than plead

guilty on the grounds of the alleged sentencing error.4 See Stanley, 420 S.W.3d at 544 (citing

Cooper, 356 S.W.3d at 153) (noting that to show prejudice following a guilty plea, “a movant

4 Chandler stated that he would have pleaded guilty sooner had plea counsel informed him he would not get credit

for time served on his other cases still pending disposition. This averment does not satisfy the prejudice prong for
Rule 24.035 relief and is not relevant here because Chandler did not raise the time-served claim on appeal.

 6
must prove that, but for the alleged errors, he or she would not have pleaded guilty and would

have demanded a trial”).

 Further, as in Borneman, Chandler negotiated plea agreements with the State that

provided him the benefit of concurrent prison sentences and orders of restitution in the amounts

of $3709.66 and $3975.00 for the two cases, respectively. See Borneman, 573 S.W.3d at 87–88.

The plea court sentenced Chandler pursuant to those negotiated plea agreements. Rather than

reject the State’s proposed plea agreements, which included both terms of imprisonment and

restitution in specified amounts, and proceed to trial, Chandler knowingly, voluntarily, and

intelligently entered a plea of guilty pursuant to the plea agreements, thereby waiving his

Sections 557.011 and 557.105 claims. See id. at 88.

 Specifically, at his plea hearing, Chandler acknowledged that he was waiving certain

rights by pleading guilty and informed the plea court that his pleas were voluntary and

unequivocal. To the extent that Chandler now challenges the factual bases for his guilty pleas by

noting the State’s oral restitution estimations were less than the actual amounts, the motion court

evidently did not find credible Chandler’s testimony that the written plea agreements failed to

mention restitution or specify the amounts of restitution. See Johnson, 580 S.W.3d at 901

(noting we defer to the factual findings and credibility determinations of the motion court). The

record before us shows that the plea agreements were part of the written record before the plea

court, and later before the motion court at the evidentiary hearing. The plea agreements clearly

provide for restitution in the same amounts reflected in the judgments. See id. The record on

appeal leaves no question that Chandler was aware that he was pleading guilty and that the

sentencing to be imposed by the plea court included incarceration as well as specific amounts of

restitution. Thus, Chandler may not retain the benefits of his plea agreements while

 7
simultaneously having us strike the orders of restitution. Such an exchange would unilaterally

alter the plea agreements Chandler negotiated with the State and allow him relief from alleged

plea-court error that was self-invited. See Borneman, 573 S.W.3d at 87–88 (noting in its

application of post-conviction claim waiver that the movant was fully aware he was agreeing to

both a prison sentence and restitution as part of a negotiated plea agreement); Scheider v. State,

568 S.W.3d 501, 503 (Mo. App. S.D. 2019) (holding the movant waived review of his Rule

24.035 claim that restitution was ordered for an uncharged crime due to self-invited error

because the movant expressly agreed to the restitution as part of his negotiated plea deal and “got

the full benefit of his bargain, which the [plea] court and the [S]tate honored exactly as the

[m]ovant petitioned for and requested”); see also Cooper, 356 S.W.3d at 157 (finding the movant

received a substantial benefit in exchange for his waiver of post-conviction relief in his plea

agreement in holding that a movant may waive his post-conviction rights in a plea agreement).

The fact that Chandler’s claims were waived by self-invited error distinguishes his case from

those in which an appellate court reviews a plea court’s sentencing errors in a post-conviction

context. See, e.g., State v. Baker, 551 S.W.3d 68 (Mo. App. W.D. 2018).

 Because Chandler voluntarily and knowingly entered into plea agreements providing for

sentencing that included both terms of imprisonment and restitution, any sentencing error by the

plea court under Section 557.011 was self-invited and waived by Chandler. By asking the plea

court to adhere to the negotiated plea agreements, Chandler is now barred from the relief he

seeks. See Borneman, 573 S.W.3d at 87–88; Scheider, 568 S.W.3d at 503. Accordingly,

Chandler has waived review of his post-conviction restitution claims. See Borneman, 573

S.W.3d at 87; Scheider, 568 S.W.3d at 503. Points One and Two are denied.

 8
 Conclusion

 We affirm the judgment of the motion court.

 _______________________________
 KURT S. ODENWALD, Judge

Angela T. Quigless, P.J., concurs.
James M. Dowd, J., concurs.

 9