

# In the Missouri Court of Appeals
## Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| ODI FRUMHOFF SCHULTZ, | ) | No. ED109959 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Nancy Watkins |
| BANK OF AMERICA MERRILL LYNCH | ) | McLaughlin |
| CREDIT CORPORATION, | ) | |
| | ) | |
| Respondent. | ) | FILED: May 10, 2022 |

### Introduction

Odi Frumhoff Schultz ("Schultz") appeals from the circuit court's judgment granting

Bank of America Merrill Lynch Credit Corporation's ("BANA's") motion to dismiss her petition

(the "Petition") for failure to state a claim on which relief could be granted on the grounds that

the claims were time-barred by the statute of limitations.  Schultz raises two points on appeal.

Point One maintains the circuit court's dismissal of the Petition was against the weight of the

evidence and against the weight of the law because the Petition stated a claim for relief.  Point

Two argues the circuit court's dismissal of the Petition's claims as time-barred by the statute of

limitations was against the weight of the evidence because the Petition alleged that the facts

giving rise to the causes of action were fraudulently concealed from Schultz, thereby tolling and

extending the statute of limitations. Because Point One is deficient under Rule 84.04[1] and preserves nothing for review by failing to identify the claim of error or the legal reasons supporting reversal, we dismiss the point. Because the doctrine of fraudulent concealment as pleaded in the Petition did not serve to further extend the statute of limitations for fraud, the circuit court did not err in finding the Petition's claims time-barred by the statute of limitations under Section 516.120(5),[2] and we deny Point Two. Accordingly, we affirm the circuit court's judgment.

Factual and Procedural History

In April 2020, Schultz filed the Petition in the circuit court bringing multiple counts against BANA arising out of an alleged fraud relating to a Deed of Trust signed in 2002. Schultz alleged her signature on the Deed of Trust was forged. The Deed of Trust secured a loan in the amount of $410,000 for the purchase of a home on Hibler Oaks Drive (the "Property"). The Petition alleged that Schultz's then-husband ("Ex-Husband") secured the residential loan from BANA[3] without Schultz's knowledge. The couple subsequently divorced. The dissolution decree directed Ex-Husband to make all mortgage payments on the loan until 2007, at which time Ex-Husband was to transfer his interest in the Property to Schultz. In 2008, Ex-Husband executed a quit claim deed conveying his interest in the Property to Schultz pursuant to the terms of their dissolution decree.

BANA notified Schultz of its intention to foreclose on the Property on August 27, 2013. Schultz became aware that Ex-Husband had only been making interest payments and had not paid towards the principle amount borrowed. At the time, Schultz thought Ex-Husband had

---

[1] All Rule references are to Mo. R. Civ. P. (2020), unless otherwise noted.
[2] All Section references are to RSMo (2016), unless otherwise indicated.
[3] BANA is the lender's successor-by-merger.

defrauded her, not the bank, and that she would have to get the money from him. Schultz also alleged that Ex-Husband had been harassing her and, as a result, she was not thinking clearly and was under duress. To avoid foreclosure and obtain her loan for the purchase of a new home, Schultz paid BANA $410,000. The Petition states that at the time of closing, BANA told Schultz she was responsible for the amount due on the Deed of Trust, and BANA did not alert her that the Deed of Trust contained her forged signature.

Schultz pleaded that she did not become aware of the alleged forgery of her signature on the Deed of Trust until June 2018 after she had paid off the Deed of Trust. The Petition does not set forth any additional facts explaining how Schultz discovered the forgery. Schultz filed her first suit against BANA in 2019, and the case was dismissed without prejudice. Schultz then filed this Petition in 2020.

The Petition alleged Schultz's signature on the Deed of Trust was forged and had been fraudulently notarized by the notary public outside of Schultz's presence. The Petition brought the following counts against BANA: violation of statute for liability as the employer of a notary public, negligence, slander of title, fraudulent misrepresentation, fraud in the inducement, and fraud in the concealment.

BANA moved to dismiss the Petition for failure to state a claim on which relief could be granted. In particular, BANA alleged that the Petition's claims were time-barred by the statute of limitations in Section 516.120. BANA asserted that Schultz's claims accrued as early as 2002 when the Deed of Trust was signed, or alternatively when any of the following events occurred that made the claims ascertainable: the Deed of Trust being recorded in 2002; the dissolution decree ordering Ex-Husband to make mortgage payments in 2003; the failure of Ex-Husband to comply with the dissolution decree's order to pay off the Note and Deed of Trust and transfer his

3

interest in the property to Schultz in 2007; the transfer of Ex-Husband's interest in the property to Schultz by quit claim deed in 2008; or Schultz's receipt of notice from BANA of its intent to foreclose and Schultz's selling of the property to third parties and paying off the Note and Deed of Trust in 2013. BANA argued that regardless of which of the preceding events caused the claims in the Petition to accrue, whether they accrued in 2002 or if they did not accrue until as late as 2013, the five-year statute of limitations barred all claims in the 2020 Petition.

In October 2021, following briefing and argument, the circuit court granted BANA's motion to dismiss the Petition with prejudice for failure to state a claim. The circuit court found that Schultz knew or reasonably could have discovered the facts giving rise to her claim on or before August 27, 2013. The circuit court concluded Schultz's claims were time-barred by the statute of limitations and that the doctrine of fraudulent concealment did not toll the statute of limitations. Schultz did not file a motion for new trial or a motion to amend the judgment. Schultz now appeals.

## Points on Appeal

Schultz raises two points on appeal. Point One argues the circuit court's dismissal of the Petition was against the weight of the evidence and against the weight of the law because the Petition states a cause of action on which relief could be granted and "met the cause [sic] law standard for stating a case." Point Two contends the circuit court's dismissal of the Petition was against the weight of the evidence and against the weight of the law because the Petition established that the facts giving rise to the causes of action were fraudulently concealed from Schultz, thereby tolling and extending the statute of limitations.

## Standard of Review

We review a circuit court's dismissal of a Petition for failure to state a claim on which relief can be granted de novo without deference to the circuit court. Dean v. Noble, 477 S.W.3d

4

197, 203 (Mo. App. W.D. 2015) (internal citation omitted). "A Rule 55.27(a)(6) motion solely tests a petition's adequacy." Jennings v. Bd. of Curators of Mo. State Univ., 386 S.W.3d 796, 797 (Mo. App. S.D. 2012) (internal citation omitted). "[T]he pleading is granted its broadest intendment, all facts alleged are treated as true, and it is construed favorably to the plaintiff to determine whether the averments invoke substantive principles of law which entitle the plaintiff to relief." Dean, 477 S.W.3d at 203 (quoting Farm Bureau Town & Country Ins. Co. v. Angoff, 909 S.W.2d 348, 351 (Mo. banc 1995)). Additionally, we review questions of law de novo, including whether a claim is barred by the statute of limitations. Id. (citing Bateman v. Platte Cnty., 363 S.W.3d 39, 42 (Mo. banc 2012)).

Schultz's appellate brief expresses confusion as to the circuit court's grounds for dismissal. However, the circuit court clearly and unambiguously dismissed the Petition for failure to state a claim on which relief could be granted, specifically finding that Schultz's claims were time-barred by the statute of limitations. Even if the circuit court had not explained its reasons for dismissal in its written judgment, we would proceed under the presumption that the dismissal was entered for one of the reasons stated in the motion to dismiss, which included the statute of limitations, and would "affirm if dismissal was appropriate on any ground stated therein." Eckel v. Eckel, 540 S.W.3d 476, 482 (Mo. App. W.D. 2018) (quoting Costa v. Allen, 274 S.W.3d 461, 462 (Mo. banc 2008)); Dean, 477 S.W.3d at 203 (internal citation omitted). "With respect to the timeliness of claims, '[i]f it clearly appears on the face of the petition that the cause of action is barred by the applicable statute of limitations, the motion to dismiss is properly sustained.'" Eckel, 540 S.W.3d at 482 (quoting Armistead v. A.L.W. Grp., 60 S.W.3d 25, 26 (Mo. App. E.D. 2001)); Dean, 477 S.W.3d at 203 (internal citation omitted).

5

Discussion

## I.    Point One—Dismissed for Rule 84.04 Deficiencies

Preliminarily, we are charged with sua sponte determining whether Point One complies with the Rules of Appellate Procedure set forth in Rule 84.04. "Rule 84.04 sets forth the minimum requirements for appellate briefing." Murphree v. Lakeshore Estates, LLC, 636 S.W.3d 622, 623 (Mo. App. E.D. 2021) (citing Bennett v. Taylor, 615 S.W.3d 96, 98 (Mo. App. E.D. 2020)). "Compliance with those rules is necessary 'to ensure that appellate courts do not become advocates by inferring facts and arguments that the appellant failed to assert.'" Estate of Allen, 615 S.W.3d 851, 853 (Mo. App. E.D. 2020) (internal quotation omitted). We prefer to decide an appeal on the merits "where disposition is not hampered by rule violations and the argument is readily understandable." Murphree, 636 S.W.3d at 624 (quoting Bennett, 615 S.W.3d at 98). However, "if the brief is so deficient that we cannot competently rule on the merits without first reconstructing the facts and supplementing the appellant's legal arguments, then nothing is preserved for review and we must dismiss the appeal." Allen, 615 S.W.3d at 853 (quoting Unifund CCR Partners v. Myers, 563 S.W.3d 740, 743 (Mo. App. E.D. 2018)).

Here, Point One fails to comply with Rule 84.04(d), which requires each point to: (A) identify the trial court ruling that the appellant challenges; (b) state concisely the legal reasons for the appellant's claim of reversible error; and (c) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. Rule 84.04(d)(1). Rule 84.04(d)(1) directs that "[t]he point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'" Rule 84.04(d)(1). "Given that a template is specifically provided for in Rule 84.04(d)(1), appellants simply have no excuse for failing to submit adequate

6

points relied on." Murphree, 636 S.W.3d at 624 (quoting Bennett, 615 S.W.3d at 99). Schultz's Point One states:

> The trial court erred in granting [BANA]'s motion to dismiss and its amended order and judgment were against the weight of the evidence and against the weight of the law for the reason that [Schultz] stated a cause of action upon which relief could be granted to defeat [BANA]'s motion to dismiss on the pleadings and met the cause [sic] law standard for stating a case.

Point One identifies the circuit court's dismissal of the Petition as the challenged action but fails to identify the nature of the error or explain the legal reasons, in the context of the case, that support the claim of reversible error. See Rule 84.04(d)(1). Point One merely asserts that, contrary to the circuit court's determination that the Petition failed to state a cause of action, the Petition did state a cause of action. Point One lacks any contextual facts about the legal issue before us that would allow us to conduct meaningful review, and we may not speculate as to what evidence or law Schultz intended to identify as directing a different result. See Allen, 615 S.W.3d at 854; Murphree, 636 S.W.3d at 625.

Point One is also deficient under Rule 84.04(d)(1) for misstating the standard of review. Specifically, Point One argues the circuit court's dismissal of the Petition was "against the weight of the evidence and against the weight of the law." However, a challenge that the judgment appealed from was against the weight of the evidence is proper for appeals from judge-tried cases. See Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). Here, the case never proceeded to trial and no evidence was taken; instead, the Petition was dismissed with prejudice on a motion to dismiss for failure to state a claim on which relief could be granted. Murphy v. Carron is inapplicable. See id. Additionally, the Court is unfamiliar with any recognized standard of review for "against the weight of the law," which we surmise is intended to reference one of the other Murphy v. Carron standards, namely that the challenged judgment erroneously

declared the law or misapplied the law. Yet "each Murphy ground is proved differently from the others **and** is subject to different principles and procedures of appellate review." Ebert v. Ebert, 627 S.W.3d 571, 580 (Mo. App. E.D. 2021) (quoting Koeller v. Malibu Shores Condo. Ass'n, Inc., 602 S.W.3d 283, 287 (Mo. App. S.D. 2020)). For instance, "we have repeatedly reminded appellants that weight-of-the-evidence challenges must adhere to the mandatory analytical framework as set forth in the caselaw." Id. (citing Biggs by Next Friend Biggs v. Brinneman, 598 S.W.3d 697, 702 (Mo. App. S.D. 2020) (citing Houston v. Crider, 317 S.W.3d 178, 187 (Mo. App. S.D. 2010)); O'Gorman & Sandroni, P.C. v. Dodson, 478 S.W.3d 539, 544 (Mo. App. E.D. 2015)). Indeed, "a single point that alleges the trial court erred under **more than one** of the Murphy v. Carron standards raises a multifarious point that violates Rule 84.04(d)(1) and preserves nothing for review." Id. (citing Keoller, 602 S.W.3d at 287). Here, Point One employs two standards of review, one of which is not followed with the relevant mandatory analytical framework in the argument section and, more important, neither of which apply to the dismissal of the Petition on a motion to dismiss for failure to state a claim. Rule 84.04(d) directs us to dismiss the point. See Ebert, 627 S.W.3d at 580.

In its responsive brief, BANA notes that Point One and its argument section targets no particular circuit court error but simply reprises why Schultz believes each count in the Petition states a claim for relief. Given that Point One is not made clearer by the argument portion of Schultz's brief, we are impeded from conducting meaningful review, even if we were inclined to grant it as an exercise of discretion. See Kenneth Bell & NEZ, Inc. v. Baldwin Chevrolet Cadillac, Inc., 561 S.W.3d 469, 473 (Mo. App. S.D. 2018) (internal citation omitted) (noting "[t]he policy behind Rule 84.04(d) is an appellant's brief should give notice to the respondent of the precise matters which must be contended with and answered"); see also Murphree, 636

8

S.W.3d at 624 (internal citation omitted); Allen, 615 S.W.3d at 853 (citing Unifund CCR Partners, 563 S.W.3d at 743). Point One's failure to comply with Rule 84.04(d) precludes our ability to address the merits of the claim and preserves nothing for our review. See Allen, 615 S.W.3d at 853 (citing Unifund CCR Partners, 563 S.W.3d at 743). Accordingly, we dismiss Point One.

## II. Point Two—The Petition's Claims are Time-Barred by the Statute of Limitations

### A. Rule 84.04 and Abandoned Claims

In Point Two, Schultz argues the circuit court's dismissal of the Petition was against the weight of the evidence and against the weight of the law because the Petition established that the facts giving rise to the causes of action were fraudulently concealed from Schultz, thereby tolling and extending the statute of limitations.[4]

First, we note that Point Two fails to comply with Rule 84.04(d)(1) on similar grounds as Point One because it identifies an inapplicable standard of review and then fails to follow the prescribed analytical format for the challenge raised. See Ebert, 627 S.W.3d at 580 (citing Koeller, 602 S.W.3d at 287). However, because the point relied on and the argument portion of Schultz's brief do not impair our understanding of Schultz's main contention—that fraudulent concealment tolled and extended the statute of limitations such that the Petition was not time-barred—we may exercise our discretion to review the point on the merits without becoming an advocate for Schultz. See Murphree, 636 S.W.3d at 624 (internal citation omitted); Allen, 615 S.W.3d at 853 (citing Unifund CCR Partners, 563 S.W.3d at 743).

---

[4] Schultz made no motion for new trial or to amend the judgment, but we find Point Two was preserved for appellate review because the specific point was argued before the circuit court. See Rule 78.07(b) ("[I]n cases tried without a jury or with an advisory jury, neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review if the matter was previously presented to the trial court.").

We next must address whether Point Two contests only the dismissal of the three fraud counts or whether Schultz seeks reinstatement of the Petition on all counts. BANA maintains that Schultz abandoned her claims for violation of statute, negligence, and slander of title by failing to preserve them in her appellate argument, which focuses on how the circuit court erred with respect to dismissal of the fraud claims. An appellant is deemed to abandon review of any claims that are not raised on appeal. See Geiler v. Liberty Ins. Corp., 621 S.W.3d 536, 548 (Mo. App. W.D. 2021) (internal quotation omitted) ("When an issue is presented and decided by the [circuit] court, an appellant abandons any claim of error as to an issue not raised in its points relied on in its appellant's brief."). While there is merit to BANA's contention, we choose to exercise our discretion to construe Schultz's claims in the same manner as in Dean, where the appellant argued that the extended statute of limitations for fraud claims encompassed the other claims that were derivative of the fraud claims. See Dean, 477 S.W.3d at 206 (agreeing that if the fraud claim was timely then the related claims for constructive trust and conspiracy would also be timely but that the converse was also true such that where the fraud claim was properly dismissed as time-barred, the derivative claims for constructive trust and conspiracy were also properly dismissed). Because all of Schultz's claims plausibly derive from the alleged forgery, and because the conclusion to Schultz's brief refers to reinstating all counts, we broadly interpret Point Two as extending the claim of error as to all counts in the Petition. See id.

B.    Analysis

Missouri sets forth a general five-year statute of limitation for certain causes of action under Section 516.120. Boland v. Saint Luke's Health Sys., 588 S.W.3d 879, 882 (Mo. banc 2019). Subsection (5) specifies the statute of limitations for fraud as follows: "An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued

10

until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud." Section 516.120(5). "Thus, a claim for fraud must be brought within five years from the date the cause of action accrued, i.e., the date the facts constituting the fraud were discovered or, with reasonable diligence, could have been discovered, but no longer than ten years after they occurred." Boland, 588 S.W.3d at 882 (citing Section 516.120(5); Ellison v. Fry, 437 S.W.3d 762, 769 (Mo. banc 2014)). In other words, "all fraud claims must be brought within five years from when the cause of action accrues, which is either when the fraud is discovered or at the end of [ten] years after the fraud takes place, whichever occurs first." Dean, 477 S.W.3d at 204 (quoting Ellison, 437 S.W.3d at 769). Critically, "[i]f the fraud is not discovered within ten years, then the cause of action is barred, in any event, after fifteen years of its commission." Id. (internal citation omitted).

Here, Schultz argues the Petition's claims were not time-barred by the statute of limitations because the Petition alleged BANA engaged in fraudulent concealment in August 2013 when it sought payment on the Deed of Trust but failed to tell her that the Deed of Trust contained the alleged forged signature. Schultz asserts that the doctrine of fraudulent concealment tolls the statute of limitations, relying on Smile v. Lawson, 435 S.W.2d 325, 327 (Mo. banc 1968) (citing Sections 516.140, .280, RSMo 1968) (finding fraudulent concealment of a cause of action is an improper act under Section 516.280, which, if established, will toll the running of limitations for a malpractice action under Section 516.140). Schultz suggests that although the triggering event of the alleged forgery took place in 2002, the forgery was never acted on until BANA sought to foreclose on the Deed of Trust in August 2013. Therefore, Schultz posits, she had ten years from August 2013 to discover the fraud and bring her claims

11

pursuant to Section 516.120(5), which were not time-barred as she did not discover the fraud until June 2018 and brought her claims accordingly first in 2019 and in this Petition in 2020.

In response, BANA initially draws our attention to whether the Petition adequately pleaded facts that BANA engaged in fraudulent concealment. See Batek v. Curators of Univ. of Mo., 920 S.W.2d 895, 900 (Mo. banc 1996) (internal quotation omitted) (emphasis omitted) ("In order to avoid the running of the statute, it may be shown that some trick or artifice was used to prohibit the defrauded party from inquiring or making investigation regarding the fraud, or it must be shown that the defrauded party was prevented from inquiring about the particular acts of concealment. As it is necessary to prove these facts, it is necessary to plead them."). We concur with BANA's contention that the Petition fails to plead any affirmative action taken by BANA suggesting an act of fraudulent concealment. See id. Silence, or the mere failure to disclose a fraud, does not plead the affirmative acts necessary to state a claim for fraudulent concealment. See id.; Heisler v. Clymer, 161 S.W. 337, 341 (Mo. App. S.L.D. 1913) ("[T]o prevent the statute from running, there must be concealment, and mere silence is not concealment; there must be some direct contrivance intended to exclude suspicion and prevent inquiry[.]").

Even assuming the adequacy of the Petition's conclusory allegation of fraudulent concealment, BANA contends the claims in the Petition were known or reasonably ascertainable as early as 2002 when the alleged fraud occurred, as well as through the events in 2003, 2007, 2008, and, at the latest, 2013. See Boland, 588 S.W.3d at 882 (citing Section 516.120(5); Ellison, 437 S.W.3d at 769) (noting a claim for fraud accrues when "the facts constituting the fraud were discovered or, with reasonable diligence, could have been discovered, but no longer than ten years after they occurred"). In August 2013, BANA notified Schultz of its intention to foreclose on the Deed of Trust it held on the Property. Schultz then sold the Property and paid

12

BANA the loan amount of $410,000 from the sale proceeds. Even accepting the facts pleaded in Schultz's Petition as true, Schultz reasonably would have or could have ascertained the forgery at closing in 2013, thus the statute would have run in 2018. See id.; Larabee v. Eichler, 271 S.W.3d 542, 546 (Mo. banc 2008) (internal quotation omitted) ("A cause of action for fraud accrues at the time the defrauded party discovered or in the exercise of due diligence should have discovered the fraud."). BANA maintains that because Schultz did not file the Petition until 2020, more than fifteen years after the alleged fraudulent act of 2002, the statute of limitations of Section 516.120 bars the Petition's claims and requires us to affirm the circuit court's dismissal. We agree.

Schultz's asserted proposition that the doctrine of fraudulent concealment tolls the statute of limitations for the fraud claims raised in the Petition is unsupported by recent judicial precedent. The Supreme Court in Ellison abrogated the line of cases stating otherwise, holding that fraudulent concealment does not extend the statute of limitations for fraud. 437 S.W.3d at 769–71.

In Ellison, the appellants argued that the fifteen-year maximum period to bring a fraud claim was extended by the defendant's fraud in concealing the transfer of the subject property and the existence of relevant wills. Id. at 769. It was well-settled that the general tolling statute Section 516.280—which contains the aforementioned discovery rule for cases in which a defendant conceals the wrong—does not apply to fraud claims under Section 516.120(5), which contains its own, more specific ten-year discovery rule. However, the appellants in Ellison argued that there was a separate line of cases suggesting the statute of limitations for fraud may be tolled *indefinitely* by a defendant's active concealment of the fraud. Id. at 769–70. Notably, the Supreme Court abrogated that line of cases, explaining: "[t]o the extent that these cases state

13

that the statute of limitations for fraud under [S]ection 516.120(5) is tolled if the fraud is concealed, they conflict with [S]ection 516.120 . . . and similar cases properly applying [S]ection 516.120, and they no longer should be followed." Id. Ellison thus reaffirmed its holding that "*all claims for fraud must be brought within a maximum of [fifteen] years*, as provided by [S]ection 516.120(5). Neither [S]ection 516.280 nor the common law tolls the accrual of a cause of action for fraud." Id. at 770–71 (emphasis added). Therefore, Schultz's claim that the circuit court erred in dismissing the Petition because the alleged fraudulent concealment extended the statute of limitations fails. See id.; Eckel, 540 S.W.3d at 482 (internal citation omitted).

Schultz next argues that while the Petition alleges she never signed the Deed of Trust, she was in a fiduciary relationship with BANA because BANA employed the notary public who notarized the alleged forgery. Schultz reasons that the fiduciary relationship between herself and BANA extended the statute of limitations for fraud under the doctrine of fraudulent concealment. Schultz correctly notes the special nature of fiduciary relationships and the discovery of fraud: while "[a] plaintiff has a duty to make inquiry to discover facts surrounding the fraud and is deemed to have knowledge of the fraud when he possesses the *means* of discovery[,] . . . [w]here a fiduciary relationship exists, however, 'only the *actual* discovery of the fraud serves to begin the limitations period.'" Dean, 477 S.W.3d at 204 (internal citation and quotation omitted) (affirming the dismissal of fraud and fraud-derivative claims related to an attorney-client relationship under Section 516.120(5)'s statute of limitations where the petition's allegation that the appellant did not actually discover the fraud until the tax sale occurred were refuted by other facts in the petition, including the receipt of an IRS tax-deficiency notice). Schultz characterizes her relationship with BANA as a fiduciary relationship that carves out an exception to the

14

mandate in <u>Ellison</u>. We find this argument unavailing. In reviewing a motion to dismiss a petition, we look only to the allegations set forth therein. <u>See</u> <u>Jennings</u>, 386 S.W.3d at 797 (internal citation omitted). The Petition avers no fiduciary relationship between Schultz and BANA. Indeed, the Petition asserts the opposite: that Schultz never signed the Deed of Trust and thus no relationship ever existed between the parties. Even if we were to find the Petition alleges a debtor-creditor relationship between Schultz and BANA, "the relationship between borrower and lender is [that of] a debtor–creditor, not a fiduciary relationship." <u>Frame v. Boatmen's Bank of Concord Vill.</u>, 824 S.W.2d 491, 494 (Mo. App. E.D. 1992) (internal citations omitted); <u>see also</u> <u>Pool v. Farm Bureau Town & Country Ins. Co. of Mo.</u>, 311 S.W.3d 895, 906 n.6 (Mo. App. S.D. 2010) (noting a creditor-debtor relationship stands in opposition to a fiduciary relationship). Because the face of the Petition does not allege facts suggesting a fiduciary relationship between the parties, we reject this argument as justification to reverse the circuit court's dismissal.

Because the claims raised in the Petition were time-barred by the statute of limitations, we hold the circuit court did not err in dismissing the Petition for failure to state a claim on which relief could be granted. <u>See</u> <u>Dean</u>, 477 S.W.3d at 203–04 (internal citation omitted). Point Two is denied.

Conclusion

The judgment of the circuit court is affirmed.

_____
KURT S. ODENWALD, Presiding Judge

Kelly C. Broniec, J., concurs.
John P. Torbitzky, J., concurs.

15