

# *In the*
# *Missouri Court of Appeals*
## *Western District*

| | | |
|---|---|---|
| **LEONARD R. MIMS,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | **WD86083** |
| **V.** | ) | |
| | ) | **OPINION FILED:** |
| **STATE OF MISSOURI,** | ) | **APRIL 2, 2024** |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Patrick William Campbell, Judge

Before Division Four:  Gary D. Witt, Chief Judge, Presiding, Alok Ahuja, Judge
and Edward R. Ardini, Jr., Judge

The State of Missouri ("State") appeals the judgment of the Circuit Court of

Jackson County, Missouri ("motion court"), granting, after an evidentiary hearing,

Leonard Mims's ("Mims") amended motion for post-conviction relief pursuant to Rule

24.035.  On appeal, the State argues that the motion court:  (1) clearly erred in granting

post-conviction relief because Mims's eight-year sentence was within the range of

punishment for his offense; (2) clearly erred in granting post-conviction relief because the

plea court did not misadvise Mims of his parole eligibility in that the offense for which

Mims pled guilty does not require that Mims serve eighty-five percent of his sentence

before he is eligible for parole; and (3) clearly erred in granting post-conviction relief on

the ground that plea counsel ("Counsel") was ineffective because Counsel did not misadvise Mims that the offense for which he pled guilty did not require him to serve eighty-five percent of his sentence. We reverse and remand for Mims's conviction and sentence to be reinstated.

### Factual and Procedural Background

On December 6, 2019, the State charged Mims with Statutory Sodomy in the first degree, section 566.062,[1] for having deviate sexual intercourse with a child less than twelve years old. After plea negotiations, and after a jury had been selected in his criminal trial, the State filed an amended information in lieu of indictment charging Mims with Statutory Sodomy in the first degree, section 566.062, for having deviate sexual intercourse with a child less than fourteen years old. Mims entered an Alford plea of guilty to the amended charge. At the plea hearing, Mims testified that he was withdrawing his previous plea of not guilty and entering "an Alford plea to the amended charge of statutory sodomy in the first degree of a child under the age of 14."

At the plea hearing, the prosecutor stated that the evidence at trial would be that, on October 17, 2019, Mims was outside with Victim, who was seven years old. Victim would testify that Mims removed his pants and placed his penis in Victim's mouth. Victim's mother came to her back balcony and saw Mims with his pants down and his buttocks exposed and Victim standing in front of him. Victim ran to her mother and moments later told her that Mims put his penis in her mouth. Mims's DNA was found

---

[1] All statutory references are to the Revised Statutes of Missouri (2016), as updated by the applicable supplement, unless otherwise noted.

around Victim's mouth, and Victim's DNA was found on a swab taken from Mims's penis following his arrest.

The plea court informed Mims and he understood that his Alford plea meant that he would not have a trial and could not challenge the court's previous rulings. The court informed Mims that the amended charge to which he was pleading guilty had a minimum sentence of five years instead of ten years, and that the amended charge did not require him to serve eighty-five percent of his sentence before being parole eligible as was required by the original charge. Mims also understood that, according to the plea agreement, he would receive a sentence of eight years and the Department of Corrections ("DOC"), not the Judge or the prosecutor, would decide how much of the eight years he had to serve. The plea court accepted Mims's plea and sentenced him consistent with the plea agreement to eight years in the DOC.

On July 20, 2021, Mims filed a *pro se* motion to vacate his conviction under Rule 24.035. Appointed counsel filed an amended motion alleging that the plea court erred in accepting Mims's guilty plea and failing to advise him that he would face a minimum sentence of ten years, of which he was required to serve eighty-five percent. Mims also alleged that his plea counsel ("Counsel") was ineffective for failing to advise him that he would be required to serve eighty-five percent of his sentence before he would be eligible for parole.

At the motion hearing, Counsel testified that she advised Mims that, under his original charge, he would have faced a minimum sentence of ten years, and he would have to serve a minimum of eighty-five percent of whatever sentence he received.

3

Counsel testified that, pursuant to the plea agreement reached after *voir dire*, he would only be charged with sodomy of a child under fourteen years of age, not under twelve years of age as he was originally charged, and that the State would agree to a sentence of eight years. Counsel testified that she advised Mims that he would likely have to serve the entire eight years, because he was proceeding under an Alford plea, which did not include an admission of guilt, and he would therefore not be able to participate in the Missouri Sexual Offenders Program ("MOSOP"), and so he would not be given parole regardless of the minimum required for parole eligibility.

Mims testified that Counsel never advised him that he would have to serve his entire sentence if he did not complete MOSOP. Mims testified that Counsel advised him, as the plea court had at his plea hearing, that he would not be required to serve eighty-five percent of his eight-year sentence before being eligible for parole. Mims testified that his DOC "face sheet" showed that he would have to serve eighty-five percent of his sentence. However, right before his motion hearing, the prosecutor had contacted DOC, and DOC had changed the face sheet to reflect a minimum of fifty percent of his sentence to be served before he was eligible for parole.

The motion court stated that the DOC's alteration of his face sheet served as an acknowledgement from DOC that it had misinterpreted and misapplied the statute. Mims argued that, because Victim was, in fact, less than twelve years old, it did not matter that the charge read that Victim was under fourteen years old; he would still be subject to the sentence enhancement provisions of sections 558.019.3 and 566.062.2(1), which provide for a minimum sentence of ten years and require service of eighty-five

4

percent of the sentence received before parole eligibility when the victim is under the age of twelve. Mims alleged that because he was not properly advised of the sentence and requirements he *should* have received, he should be allowed to withdraw his guilty plea and proceed to trial. The motion court, affirmatively stating that it believed this particular legal issue would benefit from appellate guidance, granted Mims's motion; the State appeals.

## Standard of Review

Appellate review of a motion court's ruling on a motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *See* Rule 24.035(k). "The [motion] court's findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." *State v. Ervin*, 835 S.W.2d 905, 928 (Mo. banc 1992).

## Analysis

*Court's issuance of eight-year sentence:*

The State's first point on appeal is that the motion court clearly erred in granting post-conviction relief in that Mims's eight-year sentence was within the range of punishment for the offense with which he was charged in the amended information and to which he pled guilty. The amended information in lieu of indictment under which Mims entered his Alford plea charged Mims with first-degree sodomy by subjecting a child under the age of fourteen to deviate sexual intercourse. Section 566.062. The authorized term of imprisonment for this offense is "life imprisonment or a term of years not less

5

than five years," unless "the victim is less than twelve years of age, in which case the authorized term of imprisonment is life imprisonment or a term of years not less than ten years." *Id.* The victim's age is an element of the offense as set forth in the statute, which must be charged and proven. This is also true of subsection 566.062.2(1), which increases the minimum sentence from five years to ten years when the victim is less than twelve years of age. The United States Supreme Court expressly held, in *Alleyne v. United States*, 570 U.S. 99, 110-12, (2013), that facts that increase the prescribed range of penalties to which a criminal defendant is exposed, including an increase of the minimum possible sentence, are elements of the crime, which must be charged and proven. This is because "[d]efining facts that increase a mandatory statutory minimum to be part of the substantive offense enables the defendant to predict the legally applicable penalty from the face of the indictment [or information]." *Id.* at 113-14.

> "[W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty." *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). "An *Alford* plea allows a defendant to plead guilty to a charged offense and accept criminal penalty even if he or she is unwilling or unable to admit to committing the acts constituting the offense." *Brooks v. State*, 242 S.W.3d 705, 707 n.2 (Mo. banc 2008).
> Generally speaking (and as relevant here), the ***effect*** of an accepted ***Alford*** plea is the same as that of any other guilty plea: "An *Alford* plea ... stands on equal footing with one in which an accused specifically admits the commission of the particular acts charged." *Wilson v. State*, 813 S.W.2d 833, 843 (Mo. banc 1991) (internal quotation and citation omitted).

*Frazier v. State*, 581 S.W.3d 118, 125 (Mo. App. S.D. 2019) (emphasis in original, internal footnotes omitted).

In this case, Mims was not charged in the amended information with subjecting a child of less than twelve years of age to deviate sexual intercourse. "Any information may be amended . . . at any time before verdict or finding if *no additional* or different offense is charged, and if the defendant's substantial rights are not thereby prejudiced." *State v. Simpson*, 846 S.W.2d 724, 726 (Mo. banc 1993) (emphasis added). Charges are frequently amended to lesser offenses with lesser punishments as part of plea agreements. *See, e.g., Cornelius v. State*, 653 S.W.3d 655, 664 (Mo. App. S.D. 2022) (charge amended from first-degree murder to second-degree murder); *Johnson v. State*, 477 S.W.3d 2, 4 (Mo. App. E.D. 2015) (second-degree murder reduced to voluntary manslaughter). This Court expressly noted as much regarding a sexually violent predator in *Robertson v. State*, 392 S.W.3d 1, 7 n.5 (Mo. App. W.D. 2012) ("An offender's conviction depends on a finding of only the essential elements of the offense. Particularly where the defendant pleads guilty, it may frequently be the case that the underlying facts would have supported more serious charges. That is not the relevant inquiry. . . ."). There is nothing that requires the State to charge a criminal defendant with the most serious offense that the facts would support.

The only allegation regarding the victim's age in the amended information was; "Z.W., who was then a child less than fourteen years old . . . ." The prosecutor, as part of a recitation of the factual background, stated that the evidence would be that Victim was seven years old. The State properly argues this statement by the prosecutor did not convert the offense into the non-charged enhanced offense of first-degree sodomy upon a child of less than twelve years of age, even if the State could have proven her age at trial.

7

The court, in finding that there was a factual basis for the plea to the amended charge need only find that the victim was under the age of fourteen. In *State v. Placke*, 290 S.W.3d 145, 150, 156 (Mo. App. S.D. 2009), the Southern District of this Court affirmed the defendant's conviction[2] of first-degree statutory sodomy, without considering the ten-year minimum sentence for victims under twelve, when the evidence at trial was that the victim was only eleven years of age. And in *Apprendi v. New Jersey*, 530 U.S. 466, 470 (2000), a sentence enhancement could not be applied to the defendant after a guilty plea because the facts needed to be established to justify the enhancement were neither admitted during the plea hearing nor found by a jury.

We conclude that, because Mims was charged in the amended information with first-degree sodomy upon a victim of less than fourteen years of age, and that charge was supported at the Alford plea hearing, Mims's eight-year sentence was within the allowed range, and he was not subject to the ten-year minimum set forth in section 566.062.2(1). It was clear error for the motion court to grant his motion for post-conviction relief on this basis.

Point I is granted.

---

[2] The case was remanded for resentencing solely because the trial court transposed the sentences recommended by the jury on the two counts with which Placke was charged and convicted, rendering one of the sentences in excess of the jury's recommendation. *State v. Placke*, 290 S.W.3d 145, 148 (Mo. App. S.D. 2009). The convictions were affirmed in all other respects.

8

*Plea court's advisement of Mims:*

The State also alleges that the motion court clearly erred in granting Mims's motion for post-conviction relief on the ground that the plea court misadvised Mims that he would not be subject to section 558.019.3's requirement that he serve at least eighty-five percent of his sentence because his offense was a dangerous felony as defined in section 556.061(19), because Mims was, in fact, not subject to section 588.019.3.

Section 556.061(19) defines a "dangerous felony" as including "statutory sodomy in the first degree when the victim is a child less than twelve years of age at the time of the commission of the act giving rise to the offense[.]"  Section 558.019.3 requires that when an offender "*who has been found guilty of a dangerous felony* as defined in section 556.061 and is committed to the department of corrections shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court . . . ." (emphasis added.).  As discussed in our analysis of Point I, Mims was not charged with or found guilty of statutory sodomy in the first degree with a victim under the age of twelve.  Mims was charged with and pled guilty to statutory sodomy in the first degree with a victim under the age of fourteen.  Therefore, by the plain language of the statute, Mims was not required to serve a minimum of eighty-five percent of his sentence based on a dangerous-felony characterization.

At the motion hearing, Mims expressed concern that his face sheet with the DOC had initially stated that Mims had to serve a minimum of eighty-five percent of his sentence before being parole eligible, but after the prosecutor contacted the DOC to notify it of the error, the face sheet was changed to reflect that Mims was required to

9

serve a minimum of fifty percent of his sentence before being parole eligible. The motion court indicated its belief that the DOC changed the face sheet, not because the prosecutor told it to, but because "this reflects basically a correction of DOC's misinterpretation and misapplication of the statute." However, the motion court granted Mims's motion for post-conviction relief, asking the parties, "wouldn't [we] all be better served by you all taking this issue up to the Court of Appeals and then there is a standard of law for the DOC . . . ."

We agree with the State that it was clearly erroneous for the motion court to grant Mims's motion for post-conviction relief on the basis that the plea court misadvised him on how much of his sentence he would be required to serve per section 558.019.3. The plea court, the State, and the DOC all appear to agree that the offense of which Mims was convicted is not a dangerous felony as defined in section 556.061(19); therefore, he was not required to serve a minimum of eighty-five percent of his sentence before being parole eligible; therefore, he was not misadvised.

Point II is granted.

### Ineffective assistance of counsel:

The State's third point on appeal is that the motion court clearly erred in granting Mims's motion for post-conviction relief on the basis of ineffective assistance of Counsel. Mims had argued to the motion court that his Counsel was ineffective for erroneously advising him that he would not need to serve a minimum of eighty-five percent of his sentence before being parole eligible.

To make a claim for ineffective assistance of counsel in connection with a guilty plea, the movant must show that counsel's ineffectiveness affected the knowledge and voluntariness of his plea. *James v. State*, 681 S.W.3d 689, 697 (Mo. App. W.D. 2023). There are two prongs to this: (1) that plea counsel's performance was deficient in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use in similar circumstances; and (2) that the movant was prejudiced by the deficient performance. *Cherco v. State*, 309 S.W.3d 819, 822 (Mo. App. W.D. 2010).

We find that the motion court clearly erred in deciding both the performance prong and the prejudice prong. First, the motion court's judgment hinges on Counsel's testimony at the motion hearing: "Now, I'm not entirely sure—it sounds like—I say it sounds like maybe I made a mistake here, because my understanding was if you pled to under 14, you didn't get the mandatory 85 percent." This testimony was based on Mims's assertion at the hearing that Mims *was* subject to serving a minimum of eighty-five percent of his sentence, which, as we explain above, is not accurate. Instead, our holding today makes clear that Counsel was mistaken about having been mistaken. Mims was not charged in the amended information with having engaged in deviate sexual intercourse with a victim under twelve years of age but instead was charged with having engaged in deviate sexual intercourse with a victim under fourteen years of age. Although the motion court's judgment states that Victim was "actually" a child of less than twelve years of age, the court's finding as to Victim's age simply supported the acceptance of the factual basis, and thus the acceptance of the Alford plea, to the charge as filed by the State, that Victim was indeed under the age of fourteen. It was clear from

11

the plea hearing that everyone involved was aware that Mims was only pleading guilty to first degree sodomy of a victim under the age of fourteen and was not admitting any of the factual allegations beyond what was charged in the amended information. Accordingly, Mims was not subject to the "dangerous felony" provision in section 558.019.3 requiring him to serve a minimum of eighty-five percent of his sentence. As such, Counsel's advice to Mims was not erroneous, and her performance was not ineffective.

Clearly, based on the accuracy of counsel's advice, Mims cannot show prejudice. The sentence he received was what Counsel advised him he would receive pursuant to the plea agreement. And although his DOC face sheet initially stated that Mims must serve at least eighty-five percent of his sentence before being parole eligible, the DOC corrected the face sheet, without argument, when the prosecutor's office notified it of the mistake. Mims did not show that he has received anything other than what he agreed to under the terms of his plea agreement and as advised by Counsel. The motion court's judgment addresses the prejudice prong by simply stating that Mims "would have gone to trial had he been fully advised that the offense statutorily required 85% of the sentence to be served[,]" which is an inaccurate statement of the law regarding the required sentence.

Because Mims established neither defective performance nor prejudice by Counsel, the motion court clearly erred in granting his motion for post-conviction relief.

Point III is granted.

12

## Conclusion

For all of the above-stated reasons, we reverse the judgment of the motion court and remand for reinstatement of Mims's sentence.

_____
Gary D. Witt, Judge

All concur